RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

APR 24 2024

DANIEL J. McCOY, CLERK
BY:_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | | * | CRIMINAL NO. 5:23-cr-00214 |
| | | * | |
| VERSUS | | * | JUDGE HICKS |
| | | * | |
| HUI HE, a.k.a. "Kevin" | (01) | * | MAGISTRATE JUDGE HORNSBY |
| HIKMAT DEEB, a.k.a. "Hek" & "Hector" | (02) | * | |
| BRIEON O'NEAL | (03) | * | |
| ANDREW BROWN | (04) | * | |
| RSHAD DEEB, a.k.a. "Ray" | (06) | * | |
| ADHAM DEEB, a.k.a. "Polo" | (07) | * | |
| MOHD TBAILEH, a.k.a. "Moody" | (09) | * | |
| CORY BEASLEY | (11) | * | |
| TREVOR OSIFO | (12) | * | |
| JIMMY MAYS | (14) | * | |
| DAJUAN JACKSON, a.k.a. "Bando" | (15) | * | |
| JAVARRIA LINNEAR, a.k.a. "Bubba" | (17) | * | |

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### Count 1
**Conspiracy to Distribute and Possess with Intent to Distribute Marijuana
21 U.S.C. §§ 841(a)(1) & 846**

On a date uncertain, but no later than September 6, 2012 and continuing until on or about September 6, 2023, in the Western District of Louisiana and elsewhere, the defendants, **Hui He, a.k.a. "Kevin", Hikmat Deeb, a.k.a. "Hek" and**

"Hector", Brieon O'Neal, Andrew Brown, Rshad Deeb, a.k.a. "Ray", Adham Deeb, a.k.a. "Polo", Mohd Tbaileh, a.k.a. "Moody", Cory Beasley, Jimmy Mays, Trevor Osifo, Dajuan Jackson, a.k.a. "Bando", Javarria Linnear, a.k.a. "Bubba", and other persons known and unknown to the Grand Jury, did knowingly and intentionally conspire and agree together to distribute and possess with the intent to distribute marijuana, a schedule I substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 846. [21 U.S.C. §§ 841(a)(1) and 846].

## QUANTITY OF MARIJUANA INVOLVED IN THE CONSPIRACY

With respect to the defendants, **Hui He, a.k.a. "Kevin"**, **Hikmat Deeb, a.k.a. "Hek" and "Hector"**, **Brieon O'Neal**, **Andrew Brown**, **Rshad Deeb, a.k.a. "Ray"**, **Adham Deeb, a.k.a. "Polo"**, **Mohd Tbaileh, a.k.a. "Moody"**, **Cory Beasley**, and **Trevor Osifo**, their conduct as members of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of the other members of the narcotics conspiracy charged in Count One, involved 100 kilograms or more of marijuana, a schedule I substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vii) and 846. [21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii) and 846].

With respect to the defendant, **Jimmy Mays**, his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of the other members of the narcotics conspiracy charged in Count One, involved at least 50 kilograms but less than 100 kilograms of marijuana,

a schedule I substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and 846. [21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846].

With respect to the defendants, **Jimmy Dajuan Jackson, a.k.a. "Bando"** and **Javarria Linnear, a.k.a. "Bubba"**, their conduct as members of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of the other members of the narcotics conspiracy charged in Count One, involved less than 50 kilograms of marijuana, a schedule I substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D) and 846. [21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and 846].

**Count 2**
**Interstate Travel in Aid of Racketeering Enterprises**
**18 U.S.C. §§ 1952(a)(3) & (2)**

On or about September 14, 2022, in the Western District of Louisiana and elsewhere, the defendant, **Mohd Tbaileh, a.k.a. "Moody"**, did knowingly travel in interstate commerce from the State of Louisiana to the State of Texas with the intent to promote, manage, establish, carry on, and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, said unlawful activity being the distribution of marijuana, in violation of Title 21, United States Code, Section 841, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry one, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and (2). [18 U.S.C. §§ 1952 & 2].

<u>Count 3</u><br>
<b>Interstate Travel in Aid of Racketeering Enterprises</b><br>
18 U.S.C. §§ 1952 & 2

On or about November 30, 2022, in the Western District of Louisiana and elsewhere, the defendant, **Brieon O' Neal**, did knowingly travel in interstate commerce between the State of Louisiana and State of Texas with the intent to promote, manage, establish, carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, said unlawful activity being the distribution of marijuana, in violation of Title 21, United States Code, Section 841, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity, in violation of Title 18, United States Codes, Sections 1952 and 2. [18 U.S.C. §§ 1952 & 2].

<u>Count 4</u><br>
<b>Conspiracy to Launder Monetary Instruments</b><br>
18 U.S.C. § 1956(h)

AT ALL TIMES RELEVANT HEREIN:

I.      INTRODUCTION.

1.      The defendant, **Hikmat Deeb, a.k.a. "Hek" and "Hector"** (hereinafter "**Hikmat Deeb**"), derived his principal source of income from the illegal sale and distribution of controlled substances, including marijuana, in the Western District of Louisiana and elsewhere.

2.      Jerusalia Bell was the wife of **Hikmat Deeb**. She assisted **Hikmat Deeb** in the illegal drug trafficking activities.

3.  Jerusalia Bell registered "L&A Clothing, LLC, doing business as Eye Pealing" with the Louisiana Secretary of State in January of 2021. She operated a clothing line under this name.

4.  Jerusalia Bell maintained a business checking account for "L&A Clothing, LLC" (hereinafter "Business Account") at JPMorgan Chase Bank, N.A. (hereinafter "Chase Bank").

II.   THE CONSPIRACY.

1.  From at least on or about January 1, 2020 and continuing through on or about December 31, 2022, in the Western District of Louisiana and elsewhere, the defendant, **Hikmat Deeb**, and other persons known and unknown to the Grand Jury, including Jerusalia Bell, did knowingly combine, conspire, and agree to knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, the sale and distribution of controlled substances, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under federal law, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18 United States Code, Section 1956(a)(1)(B)(ii).

III.   MEANS AND MANNER OF THE CONSPIRACY.

1.  The manner and means used to accomplish the objectives of the conspiracy included, but was not limited to, the following:

  a. **Hikmat Deeb** would illegally obtain marijuana from Oklahoma and elsewhere.

  b. After obtaining the marijuana, **Hikmat Deeb** would transport and arrange for the transportation of the drug to the Western District of Louisiana and elsewhere for illegal distribution.

  c. **Hikmat Deeb** would receive United States currency (hereinafter "cash") in exchange for his illegal marijuana sales.

  d. **Hikmat Deeb** would sometimes use the cash to purchase money orders.

  e. **Hikmat Deeb** would issue the money orders to "L&A Clothing" and "Eye Pealing."

  f. **Hikmat Deeb** would give the money orders to Jerusalia Bell.

  g. Jerusalia Bell would deposit the money orders into Business Account.

  2. On or about September 8, 2021, as representative of the means and manner of the conspiracy, **Hikmat Deeb** conducted the following financial transaction: purchased two money orders totaling $2,000.00 and issued them to "Eye Pealing."

  3. On or about November 19, 2021, as further representative of the means and manner of the conspiracy, **Hikmat Deeb** conducted the following financial transaction: purchased eight money orders totaling $8,000.00 and issued them to "Eye Pealing" and "L&A Clothing."

All in violation of Title 18, United States Code, Section 1956(h). [18 U.S.C. § 1956(h)].

<u>**Counts 5 & 6**</u>
**Laundering of Monetary Instruments**
**18 U.S.C. § 1956(a)(1)(B)(i)**

1. The allegations set forth in Count 4 are realleged and incorporated by reference herein.

2. On or about the dates set forth below, in the Western District of Louisiana and elsewhere, the defendant, **Hikmat Deeb, a.k.a. "Hek" and "Hector"**, did knowingly conduct and attempt to conduct the following financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, the sale and distribution of controlled substances, knowing that the transaction was designed in whole and in part to conceal and disguise the nature and source of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| COUNT | DATE | FINANCIAL TRANSACTION | TOTAL |
|---|---|---|---|
| 5 | September 8, 2021 | Purchased two money orders and issued them to "Eye Pealing" | $2,000.00 |
| 6 | November 19, 2021 | Purchased eight money orders and issued them to "Eye Pealing" and "L&A Clothing" | $8,000.00 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i). [18 U.S.C. § 1956(a)(1)(B)(i)].

<u>Count 7</u>
**Engaging in Monetary Transactions
in Property Derived from Specified Unlawful Activity
18 U.S.C. § 1957(a)**

On or about November 2, 2020, in the Western District of Louisiana, the defendant, **Hikmat Deeb, a.k.a. "Hek" and "Hector"**, did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000, namely, a cash down payment in the amount of $12,000 towards the purchase of a 2018 Ford F-150 Raptor, that was derived from a specified unlawful activity, namely, the distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1), and knew that the funds involved in the transaction represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Section 1957(a). [18 U.S.C. § 1957(a)].

<u>Count 8</u>
**Wire Fraud
18 U.S.C. § 1343**

AT ALL TMES RELEVANT HEREIN:

A. THE DEFENDANT AND RELEVANT ENTITIES.

1. The defendant, **Brieon O'Neal**, was a resident of Caddo Parish, Louisiana.

2. John McKee Chevrolet Buick GMC was a car dealership located in Homer, Louisiana.

3. TD Auto Finance was a financial services company headquartered in Michigan.

B. THE SCHEME TO DEFRAUD.

4. On or about February 24, 2020, the defendant, **Brieon O'Neal**, devised and intended to device a scheme to defraud, and to obtain money and property from TD Auto Finance by means of materially false and fraudulent pretenses, representations, and promises.

C. THE MANNER AND MEANS.

5. It was part of the scheme and artifice to defraud that the defendant, **Brieon O'Neal**, sought to purchase a 2018 Dodge Charger from John McKee Chevrolet Buick GMC.

6. On or about February 24, 2020, the defendant, **Brieon O'Neal**, sought to obtain financing from TD Auto Finance.

7. The defendant, **Brieon O'Neal**, submitted a credit application as part of his request to obtain financing through TD Auto Finance.

8. In the credit application, the defendant, **Brieon O'Neal**, falsely represented that he had been employed for three years and one month as a car salesman and had a gross monthly income of $3,500.00.

9. As a result of the false and fraudulent application, TD Auto Finance dispersed $33,705.60 in loan funds for the purchase of the 2018 Dodge Charger.

D. THE INTERSTATE WIRE COMMUNICATION.

10. On or about February 24, 2020, in the Western District of Louisiana and elsewhere, the defendant, **Brieon O'Neal**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and to obtain money and

property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce, that is, from the Western District of Louisiana, a credit application containing false information.

All in violation of Title 18, United States Code, Section 1343. [18 U.S.C. § 1343].

**Count 9**
**Wire Fraud**
**18 U.S.C. § 1343**

AT ALL TMES RELEVANT HEREIN:

A. THE DEFENDANT AND RELEVANT ENTITY.

    1.    The defendant, **Brieon O'Neal**, was a resident of Caddo Parish, Louisiana.

    2.    AmCap Home Loans, doing business as AmCap Mortgage, Ltd., (hereinafter "AmCap Mortgage") was headquartered in Texas with branches located in the Western District of Louisiana and elsewhere.

B. THE SCHEME TO DEFRAUD.

    3.    Beginning on or about July 28, 2020 and continuing through October 21, 2020, the defendant, **Brieon O'Neal**, devised and intended to devise a scheme to defraud, and to obtain money and property from AmCap Mortgage by means of materially false and fraudulent pretenses, representations, and promises.

C. THE MANNER AND MEANS.

4. It was part of the scheme and artifice to defraud that the defendant, **Brieon O'Neal**, sought to purchase a home located at 536 Stockton Drive, Dallas, Texas 75216.

5. Beginning on or about July 28, 2020, the defendant, **Brieon O'Neal**, sought to obtain a home mortgage loan from AmCap Mortgage.

6. On or about October 21, 2020, the defendant, **Brieon O'Neal**, submitted a Uniform Residential Loan Application wherein he falsely represented that he had been employed for one year and two months as a driver for Ameriway, LLC.

7. Additionally, in support of the Uniform Residential Loan Application, the defendant, **Brieon O'Neal**, submitted and caused to be submitted a fraudulent bank statement representing that he received over $4,000.00 in monthly income from Ameriway, LLC.

8. As a result of the false and fraudulent application, AmCap Mortgage dispersed $273,946.00 in loan funds for the purchase of 536 Stockton Drive, Dallas, Texas 75216.

D. THE INTERSTATE WIRE COMMUNICATION.

9. On or about October 21, 2020, in the Western District of Louisiana and elsewhere, the defendant, **Brieon O'Neal**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and

promises, and attempting to do so, did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce, that is, from the Western District of Louisiana, a false and fraudulent Uniform Residential Loan Application.

All in violation of Title 18, United States Code, Section 1343. [18 U.S.C. § 1343].

## Count 10
### Bank Fraud
### 18 U.S.C. § 1344(a)(1) & (2)

AT ALL TIMES RELEVANT HEREIN:

A. THE DEFENDANT AND RELEVANT ENTITIES.

1. The defendant, **Andrew Brown**, was a resident of Caddo Parish, Louisiana.

2. USA Car Expo was a car dealership located in Harris County, Texas.

3. Barksdale Federal Credit Union was a financial institution with branches located in the Western District of Louisiana and whose deposits are insured by the National Credit Union Administration.

B. THE SCHEME AND ARTIFICE TO DEFRAUD.

4. Beginning on or about June 16, 2020 and continuing through on or about June 30, 2020, the defendant, **Andrew Brown**, did execute and attempt to execute a scheme and artifice to defraud a financial institution and to obtain moneys, funds, credits, assets, securities, and other property owned by, or under the custody or

control of, a financial institution by means of false and fraudulent pretenses, representations, and promises.

5. It was part of the scheme and artifice to defraud that on or about June 30, 2020, the defendant, **Andrew Brown**, sought to purchase a 2016 Mercedes-Benz CLS from USA Car Expo.

6. It was further part of the scheme and artifice to defraud that the defendant, **Andrew Brown**, sought to obtain financing from Barksdale Federal Credit Union.

7. It was further part of the scheme and artifice to defraud that on or about June 30, 2020, the defendant, **Andrew Brown**, submitted and caused to be submitted at a bank branch in the Western District of Louisiana a credit application in support of his request for financing from Barksdale Federal Credit Union.

8. It was further part of the scheme and artifice to defraud that the defendant, **Andrew Brown**, falsely represented in the credit application that he had been employed for seven years as the office manager at All Age Medical and had a monthly income of $4,058.82.

9. As a result of the defendant's scheme and artifice to defraud, including the submission of the credit application containing false statements, Barksdale Federal Credit Union dispersed $26,914.64 in funds.

C. BANK FRAUD

On or about June 30, 2020, in the Western District of Louisiana, the defendant, **Andrew Brown**, for the purposes of executing the aforesaid scheme and artifice to

defraud a financial institution and to obtain money, funds, assets, credits, securities, and other property owned by, or under the custody or control of, a financial institution by means of false and fraudulent pretenses, representations, and promises, did knowingly and willfully submit a false credit application to Barksdale Federal Credit Union and receive $26,914.64 in funds.

All in violation of Title 18, United States Code, Section 1344(a)(1) and (2). [18 U.S.C. § 1344(a)(1) & (2)].

**Count 11
Wire Fraud
18 U.S.C. § 1343**

AT ALL TMES RELEVANT HEREIN:

A. THE DEFENDANT AND RELEVANT ENTITIES.

1. The defendant, **Andrew Brown**, was a resident of Caddo Parish, Louisiana.

2. Runner World Market, LLC was a retail business operating in Caddo Parish and Bossier Parish, Louisiana.

3. White Road Capital, LLC, D.B.A. GFE Holdings ("White Road Capital") was a financial services business headquartered in California.

B. THE SCHEME TO DEFRAUD.

4. On or about August 18, 2022, the defendant, **Andrew Brown**, devised and intended to devise a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

C. MANNER AND MEANS.

5. It was part of the scheme and artifice to defraud that the defendant, **Andrew Brown**, owned a retail store named Runner World Market, LLC.

6. In August of 2022, the defendant, **Andrew Brown**, sought to obtain financing from White Road Capital.

7. On or about August 18, 2022, as part of his request for funding, the defendant, **Andrew Brown**, submitted and caused to be submitted a "Merchant Agreement" to White Road Capital.

8. In the "Merchant Agreement," the defendant, **Andrew Brown**, falsely represented to White Road Capital that he had "good, complete, unencumbered and marketable title to all Receipts, free and clear of any and all liabilities, liens, claims….security interests….that may be inconsistent with the transaction contemplated with, or adverse to the interest of White Road."

9. In the "Merchant Agreement," the defendant, **Andrew Brown**, also falsely represented that "[Runner World] is entering into this agreement for business purposes and not as a consumer for personal, family, or household purposes."

D. INTERSTATE WIRE COMMUNICATION.

10. On or about August 18, 2022, in the Western District of Louisiana and elsewhere, the defendant, **Andrew Brown**, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, did knowingly transmit and cause to be

transmitted by means of wire communications in interstate commerce, to wit: submitting a "Merchant Agreement" that contained false and fraudulent information.

All in violation of Title 18, United States Code, Section 1343.  [18 U.S.C. § 1343].

## Count 12
### Possession with Intent to Distribute Marijuana
### 21 U.S.C. § 841(a)(1) & (b)(1)(D)

On or about December 13, 2022, in the Western District of Louisiana, the defendants, **Hikmat Deeb, a.k.a. "Hek" and "Hector"** and **Andrew Brown**, knowingly possessed with the intent to distribute marijuana, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).  [21 U.S.C. § 841(a)(1) and (b)(1)(D)].

## Count 13
### Continuing Criminal Enterprise
### 21 U.S.C. § 848

On a date uncertain, but no later than September 6, 2012 and continuing until on or about September 6, 2023, in the Western District of Louisiana and elsewhere, the defendants, **Hui He, a.k.a. "Kevin"** and **Hikmat Deeb, a.k.a. "Hek" and "Hector"**, did knowingly and intentionally engage in a continuing criminal enterprise in that:

a.     they violated one or more provisions of subchapter I of Chapter 13 of Title 21 of the United States Code, which are felonies, and such felonies were part of a continuing serious of violations of subchapter I of Chapter 13 of Title 21 of the United States Code, including, but not limited to, conspiring to distribute and

possession with intent to distribute marijuana, possession with intent to distribute marijuana, distribution of marijuana, and use of a telecommunications facility in furtherance of drug trafficking; and

    b.    the series of violations described in paragraph (a) were undertaken in concert with five or more persons, known and unknown to the grand jury, with respect to whom defendants, the defendants, **Hui He, a.k.a. "Kevin"** and **Hikmat Deeb, a.k.a. "Hek" and "Hector"**, occupied a position of organizer, a supervisor position, and a position of management; and

    c.    the defendants, **Hui He, a.k.a. "Kevin"** and **Hikmat Deeb, a.k.a. "Hek" and "Hector"**, obtained substantial income and resources from the violations described in paragraphs (a) and (b).

In violation of Title 21, United States Code, Section 848. [21 U.S.C. § 848].

### Count 14
**Possession of a Firearm and Ammunition by a Convicted Firearm**
**18 U.S.C. § 922(g)(1)**

On or about October 25, 2023, in the Western District of Louisiana, the defendant, **Dajuan Jackson, a.k.a. "Bando"**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in or affecting interstate commerce a firearm, that is a Mossberg pistol, Model: 715P, caliber: .22 LR, and ammunition, all in violation of Title 18, United States Code, Section 922(g)(1). [18 U.S.C. § 922(g)(1)].

## FORFEITURE NOTICE

The allegations in Count 1 – 14 are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A.  As a result of the controlled substances offense alleged in Count 1 of this Superseding Indictment, the defendants, **Hui He, a.k.a. "Kevin"**, **Hikmat Deeb, a.k.a. "Hek" and "Hector"**, **Brieon O'Neal**, **Andrew Brown**, **Rshad Deb, a.k.a. "Ray"**, **Adham Deeb, a.k.a. "Polo"**, **Mohd Tbaileh, a.k.a. "Moody,"** **Cory Beasley**, **Jimmy Mays**, **Trevor Osifo**, **Dajuan Jackson, a.k.a. "Bando"**, **Javarria Linnear, a.k.a. "Bubba"**, shall forfeit to the United States all interest in:

(1)  Any property consisting or derived from proceeds the defendants obtained directly or indirectly as the result of said violation as set forth in this Superseding Indictment and,

(2)  Any property used or intended to be used in any manner or part to commit or facilitate the commission of the aforementioned violation.

B.  As a result of the controlled substances offenses alleged in Count 1 of this Superseding Indictment, the defendant, **Brieon O'Neal**, shall forfeit to the United States:

(1)  a 2014 Chevrolet Corvette, VIN 1G1YF3D78E5110078;

(2)  Gents 10k yellow gold ring valued at $13,100.00;

(3)  One 21" 10k yellow gold raised diamond Cuban link necklace valued at $50,600.00;

   (3) one 10k yellow gold name pendant "NENE" valued at $39,275.00;

   and

   (4) Gents stainless steel Rolex watch valued at $24,000.00

C. As a result of the offenses alleged in Counts 4 – 7 of this Superseding Indictment, the defendant, **Hikmat Deeb, a.k.a. "Hek" and "Hector"** shall forfeit to the United States all interest in:

   (1) Any property consisting or derived from proceeds the defendant obtained directly or indirectly as the result of said violations as set forth in this Superseding Indictment and,

   (2) Any property used or intended to be used in any manner or part to commit or facilitate the commission of the aforementioned violations.

D. By virtue of the offenses charged in this Superseding Indictment, any and all interest in the above-described property is vested in the United States and is forfeited to the United States pursuant to Title 21, United States Code, Section 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

E. If any of the property described above as being subject to forfeiture as a result of any act or omission of the defendants:

   1. cannot be located upon the exercise of due diligence;

   2. has been transferred or sold to, or deposited with, a third person;

   3. has been placed beyond the jurisdiction of the Court;

   4. has been substantially diminished in value; or

   5. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of substitute property of the defendant up to the value of the property subject to forfeiture.

F.  Upon conviction of the firearm offense alleged in Count 14 of the Superseding Indictment, the defendant, **Dajuan Jackson, a.k.a. "Bando"**, shall forfeit to the United States the following firearm involved in the aforesaid offense: a Mossberg pistol, Model: 715P, caliber: .22 LR, and ammunition.

G.  By virtue of the offense charged in Count 14 this Superseding Indictment, any and all interest in the above-described property is vested in the United States and is forfeited to the United States pursuant to Title 18, United States Code, Section 924(d), and Rule 32.2(a) of the Federal Rules of Criminal Procedure. All in accordance with Federal Rules of Criminal Procedure and Title 18, United States Code, Section 924(d).

A TRUE BILL:

BRANDON B. BROWN
United States Attorney

*REDACTED*
_____
GRAND JURY FOREPERSON

_[signature]_
_____
Jessica D. Cassidy, LA Bar No. 37744
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101
Phone: (318) 676-3600